IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

MICHAEL ALAN DENCE,                *

    Plaintiff,                              *

        v.                                        *        2:11-CV-727-TMH
                                                                (WO)

MARLOWE OAKS, *et al*.,                *

    Defendants.                            *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff is an inmate incarcerated at the Chilton County Jail located in Clanton, Alabama. He filed this 42 U.S.C. § 1983 action on September 6, 2011. He complains that Defendants have failed to provide him with constitutionally adequate medical care and treatment. Among the named defendants are the Chilton County Jail and Southern Health Partners. Upon review of the complaint, the court concludes that dismissal of Plaintiff's claims against the Chilton County Jail and Southern Health Partners prior to service of process is appropriate under 28 U.S.C. § 1915(e)(2)(B).[1]

---

[1] The court granted Plaintiff leave to proceed *in forma pauperis* in this cause of action. (*Doc. No. 3*.) A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I. DISCUSSION

*A. The Chilton County Jail.*

The Chilton County Jail is not a legal entity and, therefore, is not subject to suit or liability under § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the court concludes that Plaintiff's claims against this defendant are due to be dismissed. *Id.*

*B. Southern Health Partners*

The court understands the basis for Plaintiff's claim against Defendant Southern Health Partners is that it is responsible for the care and treatment of inmates in the Chilton County Jail. In a § 1983 action, the corporate medical provider for prison inmates cannot be held liable for the acts of its employees. *Ort v. Pinchback*, 786 F.2d 1105, 1107 (11th Cir. 1986); *accord Buckner v. Toro*, 116 F.3d 450, 452-53 (11th Cir. 1997) (finding that § 1983's municipality law is to be applied to a corporate medical provider); *see Monell v. Department of Social Services of the City of New York*, 436 U.S. 658, 691 (1978) (ruling that a municipality cannot be held liable in a § 1983 action under the theory of *respondeat superior* simply because it employs a tortfeasor). A corporate medical provider can only be held liable if its policy or procedures caused the constitutional deprivation. *Ort*, 786 F.2d at 1107; *see Monell*, 436 U.S. at 694. Plaintiff, however, has not identified or described a policy or custom of Southern Health Partners. Rather, the allegations in the complaint concern actions taken by individuals, and there is no policy that can be inferred from the alleged actions or

inactions of these employees. Consequently, the court finds that Plaintiff's complaint against Defendant Southern Health Partners is due to be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  Plaintiff's claims against the Chilton County Jail and Southern Health Partners be DISMISSED with prejudice prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) & (ii);

2.  The Chilton County Jail and Southern Health Partners be DISMISSED as parties to this complaint; and

3.  This case with respect to the remaining defendant be referred back to the undersigned for additional proceedings.

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before **September 22, 2011**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 8th day of September 2011.

      /s/ Charles S. Coody  
CHARLES S. COODY  
UNITED STATES MAGISTRATE JUDGE